UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE BARNES,

        Plaintiff,

  v.

CITY OF DETROIT, a Michigan municipality, MARCUS WAYS, in his individual capacity, and JONATHAN WILLIAMS, in his individual capacity,

        Defendants.

Case No.
Hon.

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff Claude Barnes, by and through his counsel, Law Offices of Joel B. Sklar, files this Complaint against Defendants Marcus Ways, Jonathan Williams and the City of Detroit and says:

1. Claude Barnes resides in the City of Detroit, which is located in this Judicial District.

2. Defendant Marcus Ways resides and/or transacts business in the City of Detroit as a City of Detroit Police Officer. He is being sued in his individual capacity.

3. Defendant Jonathan Williams resides and/or transacts business in the City of Detroit as a City of Detroit Police Officer. He is being sued in his individual capacity.

4. Defendants Marcus Ways and Jonathan Williams are not immune from liability because they violated Plaintiff's clearly established *First, Fourth* and *Fourteenth Amendment* rights which any reasonable state actor would know.

5. Defendants Marcus Ways and Jonathan Williams are not immune from Plaintiff's assault and battery claim pursuant to MCL 691.1407(2)(c).

6. Defendant City of Detroit is a Michigan municipality and operates the City of Detroit Police Department (DPD) which is located in this Judicial District.

7. Venue is proper in this Court because of the acts and omissions which give rise to this action all occurred in this Judicial District.

8. This Court has original jurisdiction over this matter which involves a federal question pursuant to 28 USC §§ 1331, 1334.

9. This Court has pendant or ancillary jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367.

## COMMON ALLEGATIONS

10. On Saturday night, September 3, 2022, Defendants DPD Sergeant Marcus Ways and DPD Corporal Jonathan Williams were assigned to the Greektown Detail on Monroe and St. Antoine Street in the City of Detroit.

11. On Saturday night, September 3, 2022, Monroe in Greektown was teaming with people, cars, motorcycles, including can-am (3-wheel) motorcycles.

12. On September 3, 2022, Plaintiff Claude Barnes was operating a can-am motorcycle in a line with other can-am motorcyclists on Monroe Street where traffic was bumper to bumper.

13. Defendant Ways told Plaintiff to lower his music.

14. Plaintiff Barnes responded: "Fuck you I can't believe you messing with me with all these loud people down here."

15. Defendants Ways and Williams approached Plaintiff and, without consent or legal justification, reached for the keys and turned off the motorcycle.

16. At the time, traffic was bumper-to-bumper which made it impossible for Plaintiff to go anywhere.

3

17. When Plaintiff re-started his can-am motorcycle it lurched forward and bumped into the rear tire of the can-am motorcycle directly in front of him.

18. Defendants Ways and Williams then forcibly dragged, pulled and removed Plaintiff from the can-am motorcycle, threw him to the ground, affixed handcuffs and beat him causing Plaintiff to suffer a torn left rotator cuff and other injuries described more fully below.

## COUNT I

### *FOURTH AMENDMENT* VIOLATION FOR UNREASONABLE STOP, SEIZURE AND EXCESSIVE FORCE PURSUANT TO 42 USC § 1983 AND STATE LAW ASSAULT CLAIM AND BATTERY CLAIM

19. Plaintiff realleges paragraphs 1 through 18.

20. The *Fourth Amendment* to the Constitution prohibits unreasonable searches and seizures. *Const. amend IV.*

21. Plaintiff had not engaged in any suspected criminal or suspicious activity when Defendants Ways and Williams approached Plaintiff.

22. Plaintiff had not engaged in any suspected criminal, suspicious or other activity to warrant a *Terry* stop.

23. Plaintiff did not consent to Defendant Ways touching Plaintiff's person or property.

4

24. Plaintiff was not a risk of flight because there was no place for Plaintiff to go, being sandwiched in between two other can-am motorcycles and oncoming traffic.

25. Defendant Ways and Williams had no reason to restrain or forcibly remove Plaintiff from his can-am motorcycle.

26. Nevertheless, Defendant Ways and Williams violently grabbed Plaintiff from his can-am motorcycle, threw him to the ground, handcuffed him, and beat him despite the fact Plaintiff did not flea, resist or present any danger to Defendants.

27. Defendants knew that Plaintiff's *Fourth Amendment* rights to be free from unreasonable searches, seizures and the gratuitous use of excessive force was clearly established such that any reasonable state actor would know that their conduct was unlawful.

28. As a direct and proximate result of Defendants Ways and Williams violation of his clearly established *Fourth Amendment* rights and the Defendant officers' assault and battery of Plaintiff, Plaintiff Claude Barnes suffered severe and permanent injuries including, but not limited to, a torn left rotator cuff, injuries to his head, back and body, fear, mortification, humiliation, embarrassment, terror, emotional distress, and other economic and non-economic damages which will continue through and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Ways and William in their individual capacities for all damages allowed by law and statute including, but not limited to, compensatory, exemplary and punitive damages, statutory attorney fees, costs and interest provided in *§ 42 USC 1988* and related statutes and all other legal and equitable relief to which he may be entitled.

## COUNT II

### *FIRST AMENDMENT* RETALIATION PURSUANT TO 42 USC § 1983

29. Plaintiff Claude Barnes realleges paragraphs 1 through 28.

30. The *First Amendment* protects free speech by citizens. *U.S. Const. amend. I.*

31. Plaintiff engaged in protected activity when he when he told Defendants Ways and Williams to "Fuck you I can't believe you messing with me with all these loud people down here."

32. Defendant officers knew that Plaintiff engaged in protected activity and retaliated against him because of it.

33. Plaintiff suffered an adverse action when he was unlawfully stopped, dragged off his motorcycle and beaten despite the fact Plaintiff had committed no crime in Defendant Ways or Williams presence.

34. Defendants Ways and Williams violated Plaintiff's clearly established *First Amendment* rights at least in part because he cursed and criticized them.

35. Defendants knew that Plaintiff's *First Amendment Free Speech* rights were clearly established such that any reasonable state actor would know that their conduct was unlawful.

36. As a direct and proximate result of Defendants Ways and Williams violation of his clearly established *First Amendment*, Plaintiff Claude Barnes suffered severe and permanent injuries including, but not limited to, a torn left rotator cuff, injuries to his head, back and body, fear, mortification, humiliation, embarrassment, terror, emotional distress, and other economic and non-economic damages which will continue through and beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendants Ways and William in their individual capacities for all damages allowed by law and statute including, but not limited to, compensatory, exemplary and punitive damages, statutory attorney fees, costs and interest provided in *§ 42 USC 1988* and related statutes and all other legal and equitable relief to which he may be entitled.

## COUNT III

## *MONELL* CLAIM AGAINST THE CITY OF DETROIT

37. Plaintiff realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant City of Detroit's' written policies, procedures, unwritten customs, and training procedures do not adequately or accurately explain the legal standards for constitutional searches, seizures under the *Fourth Amendment* and a citizen's *Free Speech* right to complaint, criticize or otherwise comment on police activity nor has the City properly supervised, investigated or discipline its officers for the constitutional violations above and were the moving force behind the violation of Plaintiff's clearly established constitutional rights.

39. Defendant City of Detroit and the Detroit Police Department have acted with deliberate indifference to the constitutional rights of Plaintiff's and other citizens' *First* and *Fourth Amendment* rights.

40. Defendant City of Detroit and the Detroit Police Department have acted with deliberate indifference to the rights of persons similarly situated to Plaintiff to be free from retaliatory or unlawful search and seizures in violation of State and federal law.

41. Plaintiff has suffered significant emotional distress, humiliation, embarrassment, frustration because of the events described in this Complaint.

**ACCORDINGLY,** Plaintiff asks this Court to enter judgment against Defendant City of Detroit for all damages allowed by law and statute including, but not limited to, compensatory, exemplary and punitive damages, statutory attorney fees, costs and interest provided in *§ 42 USC 1988* and related statutes and all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
Joshua Thomas (P84263)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702

Date:  May 22, 2025

## JURY DEMAND

Plaintiff Claude Barnes hereby demands a jury trial in the above captioned matter.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
313-964-1702

Date:  May 22, 2025